**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Adan MORAN–ELIAS, Defendant–Appellant.**

No. 11–50540.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2012.

Filed Nov. 16, 2012.

Bruce R. Castetter, Assistant U.S., Lawrence E. Spong, Assistant U.S., Office of

---

the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Robert H. Rexrode, III, Law Offices of Robert H. Rexrode, San Diego, CA, for Defendant–Appellant.

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

## MEMORANDUM *

Adan Moran–Elias appeals his jury conviction for several offenses related to smuggling an undocumented alien, Martin Duarte–Saucedo, into the United States. We affirm.

Customs and Border Patrol (CBP) agents had probable cause to arrest Moran–Elias under the "totality of the circumstances," *United States v. Lopez*, 482 F.3d 1067, 1077–78 (9th Cir.2007). The CBP's observations that Duarte–Saucedo crossed the border using false documentation, proceeded to an apparently pre-planned meeting with Jamah Briggs, accompanied Briggs to another apparently pre-planned meeting with Moran–Elias, and then accompanied Moran–Elias to Nelida Dimas's waiting car, created a "fair probability" that Moran–Elias was part of an "ongoing criminal operation" to smuggle Duarte–Saucedo into the United States. *See United States v. Rodriguez*, 869 F.2d 479, 483 (9th Cir.1989).

As the government concedes, Duarte–Saucedo's videotaped deposition was admitted in error. In light of the record as a whole, including Moran–Elias's confession, Dimas's testimony regarding her instructions to pick up and transport an undocumented alien, and the CBP's observation that Duarte–Saucedo presented false identification at the border, we are convinced that this error was harmless beyond a reasonable doubt. *See United States v. Pena–Gutierrez*, 222 F.3d 1080, 1089–90 (9th Cir.2000).

The district court did not err in admitting Dimas's testimony regarding smuggling activity that occurred before the Duarte–Saucedo incident. There was ample evidence of a long-standing smuggling conspiracy involving Moran–Elias, Dimas, and others, and thus the testimony was "'directly related to, or inextricably intertwined with, the crime charged in the indictment.'" *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir.2011) (quoting *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir.2003)).

Because Briggs's post-arrest statement was exculpatory and did not implicate Moran–Elias, the district court did not err in refusing to give a limiting instruction under *Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). Finally, there was no cumulative error.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.